## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2013

Lyle W. Cayce
Clerk

No. 12-51122
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HERLY LEONEL URBINA-ABREGO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-359-1

Before BARKSDALE, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Herly Leonel Urbina-Abrego pleaded guilty to being illegally present in the United States following deportation and received, pursuant to that plea, an above-Guidelines sentence of 30 months' imprisonment. (His advisory sentencing range was 15 to 21 months.) Contesting the reasonableness of that sentence, Urbina contends the district court erred: procedurally, by improperly considering evidence of his previous arrests (domestic violence or assault and battery on a family member) and by double-counting his convictions; and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively, by ruling his prior arrests and convictions were aggravated for sentencing purposes.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, *for issues preserved in district court*, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Although Urbina expressly challenges the substantive reasonableness of his sentence, he arguably implicitly claims procedural error by asserting the district court improperly considered information concerning his arrests, as set forth in the Presentence Investigation Report (PSR), to determine his sentence. Because Urbina failed to raise this issue in district court, however, its review is only for plain error. *E.g.*, *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). For reversible plain error, Urbina must show, *inter alia*, a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

In addition to listing the alleged offenses for which Urbina was arrested, the PSR also included factual information underlying those arrests. Urbina neither objected to the PSR nor offered rebuttal evidence. *E.g.*, *United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1845 (2013) (no plain error where district court considered unrebutted factual information in PSR to determine sentence). Accordingly, Urbina fails to show clear or obvious error.

Urbina also arguably claims procedural error by asserting the district court improperly double-counted his prior convictions by using them to increase

his criminal history score and to justify an upward variance. "[D]ouble-counting is prohibited only if it is specifically forbidden by the particular guideline at issue". *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Again, Urbina fails to show clear or obvious error. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Regarding his challenge to the substantive reasonableness of his sentence, which he arguably preserved in district court, Urbina contends his arrests and convictions were not of an aggravated nature for sentencing purposes. He asserts that lengthening his term of imprisonment will not protect the public because he no longer has contact with his wife, and will be deported upon his release from prison. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Urbina's disagreeing with the propriety of the sentence is insufficient to show error. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.